IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BROOKE NYMAN,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>MID-CENTURY INSURANCE COMPANY and ADRIAN MENDOZA-GARCILAZO,<br><br>　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFF'S MOTION TO REMAND<br><br><br>Case No. 1:22-CV-120-TS-CMR<br><br>District Judge Ted Stewart |

This matter is before the Court on Plaintiff Brooke Nyman's Motion to Remand. For the reasons discussed below, the Court grants the Motion.

## I.　　BACKGROUND

Plaintiff was injured when the car in which she was a passenger was struck by Defendant Mendoza-Garcilazo. Mr. Mendoza-Garcilazo was operating the vehicle without insurance coverage. Both Plaintiff and Mr. Mendoza-Garcilazo are citizens of Utah. In Utah state court, Plaintiff brought negligence claims against Mr. Mendoza-Garcilazo and asserted claims of breach of contract and breach of the covenant of good faith and fair dealing against her insurance provider, Defendant Mid-Century Insurance Company ("Mid-Century"). Mid-Century removed this action asserting diversity jurisdiction, arguing that Mr. Mendoza-Garcilazo was improperly joined.

## II.　　LEGAL STANDARD

Under 28 U.S.C. § 1441, a civil action is removable where "district courts of the United States have original jurisdiction." Section 1332(a) provides for original jurisdiction over cases

"where the matter of controversy exceeds . . . $75,000 . . . and is between . . . citizens of different states" (diversity jurisdiction). Under § 1441(a), there must "be complete diversity at the time of removal."[1] Further, "[r]emoval statutes are to be strictly construed and all doubts are to be resolved against removal."[2] Finally, "the parties removing [the] case to federal court . . . bear the burden of establishing jurisdiction by a preponderance of the evidence."[3]

### III. DISCUSSION

Defendants removed this case from state court invoking diversity jurisdiction. However, both Plaintiff and Mr. Mendoza-Garcilazo are citizens of Utah. Despite this, Mid-Century argues that the Court can exercise jurisdiction because Mr. Mendoza-Garcilazo has been improperly joined. Plaintiff's Motion raises questions of fraudulent joinder and procedural misjoinder. Both will be discussed below.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity."[4] The party removing based upon fraudulent joinder bears a heavy burden in demonstrating "either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[5] "[A]ll factual and legal issues must be resolved in favor of the plaintiff."[6] When a party

---

[1] *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 574 (2004).

[2] *Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (internal citations omitted).

[3] *Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013); *see also McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008).

[4] *Purdy v. Starko, Inc.*, No. 1:10-CV-00042-DAK, 2010 WL 3069850, at *2 (D. Utah Aug. 4, 2010) (quoting *Kan. State Univ. v. Prince*, 673 F. Supp. 2d 1297, 1294 (D. Kan. 2009)).

[5] *Dutcher*, 733 F.3d at 988 (quoting *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011)).

[6] *Id.* (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

2

claims fraudulent joinder, the Court "may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available."[7]

> In so doing, the court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant. A "reasonable basis" means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law.[8]

Here, Mid-Century has not met its high burden of demonstrating "with complete certainty" that Plaintiff's claims against Defendant Mendoza-Garcilazo fail.[9] Plaintiff has alleged that Mr. Mendoza-Garcilazo was speeding in a school zone when he collided with the vehicle in which she was a passenger. Plaintiff further alleges that Mr. Mendoza-Garcilazo failed to keep a proper lookout and that his negligent, careless, and reckless conduct caused her injuries. Based on this, the Court concludes that there is a reasonable basis to believe that Plaintiff might succeed on her claim against Mr. Mendoza-Garcilazo. Therefore, Mid-Century has not shown fraudulent joinder.

Mid-Century also invokes the doctrine of fraudulent misjoinder, also called procedural misjoinder. "Fraudulent misjoinder occurs when a plaintiff sues a diverse defendant in state court and joins a non-diverse or in-state defendant even though the plaintiff has no reasonable procedural basis to join such defendants in one action."[10] Unlike fraudulent joinder, the doctrine of procedural misjoinder has not been widely adopted. The Tenth Circuit has twice declined to

---

[7] *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964) (internal citations omitted).

[8] *Nerad v. AstraZeneca Pharms., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (internal citation omitted).

[9] *Dodd*, 329 F.2d at 85 (holding that the issue of fraudulent joinder must "be proven with complete certainty") (internal citation omitted).

[10] *Lafalier v. State Farm Fire & Cas. Co.*, 391 F. App'x 732, 739 (10th Cir. 2010) (quoting E. Farish Percy, *Defining the Contours of the Emerging Fraudulent Misjoinder Doctrine*, 29 Harv. J.L. & Pub. Pol'y 569, 572 (2006)).

adopt or reject it.[11] The vast majority of district courts within the Tenth Circuit have rejected the doctrine.[12] Regardless of whether this doctrine should be adopted, Mid-Century has failed to demonstrate that Plaintiff had no reasonable basis to join the two defendants in this case. Plaintiff's claims arise out of the collision with Mr. Mendoza-Garcilazo and Mid-Century's handling of her uninsured motorist claim as a result of her alleged injuries from that collision. This does not present the type of conduct that motivated the adoption of the procedural misjoinder doctrine.[13] Plaintiff's claims are not so unrelated as to warrant application of this doctrine.[14]

Mid-Century further argues that the Court should sever Plaintiff's claims against Mr. Mendoza-Garcilazo under Federal Rule of Civil Procedure 21 and remand those claims while maintaining Plaintiff's claims against Mid-Century. Rule 21 provides that "the court may at any time, on just terms, add or drop a party." "Federal courts have frowned on using the Rule 21 severance vehicle to conjure removal jurisdiction that would otherwise be absent."[15] Thus, "a defendant lacking 'the proper jurisdictional key with which to open the doors of federal court'

---

[11] *Id.*; *Parson v. Johnson & Johnson*, 749 F.3d 879, 893 (10th Cir. 2014).

[12] *Regent Preparatory Sch. of Okla. v. Travelers Prp. Cas. Co. of Am.*, No. 20-CV-0512-CVE-FHM, 2020 WL 6121161, at *3 (N.D. Okla. Oct. 16, 2020) (noting that "district courts within the Tenth Circuit regularly refuse to apply the doctrine").

[13] *See Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996) (applying the doctrine where the parties' actions were "so egregious as to constitute fraudulent joinder"); *see also Magnuson v. Jackson*, No. 11-CV-0561-CVE-PJC, 2012 WL 2995669, at *4 (N.D. Okla. July 23, 2012) (declining to apply fraudulent misjoinder doctrine in circumstances similar to those presented here).

[14] Percy, *supra* note 10, at 572 (stating that "in a case where the joined claims are *totally unrelated*, a federal district court may find removal jurisdiction pursuant to the fraudulent misjoinder doctrine even though the plaintiff has a reasonable substantive basis for the claim against the jurisdictional spoiler") (emphasis added).

[15] *Brown v. Endo Pharms., Inc.*, 38 F. Supp. 3d 1312, 1326 (S.D. Ala. 2014).

cannot rely on Rule 21 severance as a surreptitious means 'to climb in the window.'"[16] The proper procedure is "for the removing party [to] challenge the misjoinder in state court before seeking removal because removal is not possible until the misjoined party that destroys removal jurisdiction is dropped from the action."[17] By removing this action prior to this determination, Mid-Century "puts the cart before the horse."[18] The Court declines to use Rule 21 as a means to create subject matter jurisdiction where it did not otherwise exist at the time of removal.[19] Therefore, the Court will not consider Mid-Century's request for severance and will remand this matter to state court.

## IV.   CONCLUSION

It is therefore ORDERED that Plaintiff's Motion to Remand (Docket No. 9) is GRANTED. The Clerk of the Court is directed to transfer this case to the First Judicial District Court of Cache County, State of Utah and close this case forthwith.

DATED this 29th day of November, 2022.

BY THE COURT:

Ted Stewart
United States District Judge

---

[16] *Hampton v. Insys Therapuetics, Inc.*, 319 F. Supp. 3d 1204, 1214 (D. Nev. 2018) (quoting *Perry v. Norwest Fin. Ala., Inc.*, No. Civ. A 98-0260-CB-C, 1998 WL 964987, at *2 (N.D. Ala. Dec. 9, 1998)).

[17] *Wolf v. Kennelly*, 540 F. Supp. 2d 955, 963 (N.D. Ill. 2008) (internal quotation marks and citation omitted).

[18] *Halliburton v. Johnson & Johnson*, 983 F. Supp. 2d 1355, 1360 (W.D. Okla. 2013).

[19] *Hampton*, 319 F. Supp. 3d at 1214 (declining "to create subject matter jurisdiction by resorting to the discretionary severance provisions in Rule 21"); *Brown*, 38 F. Supp. 3d. at 1326; *Echols v. OMNI Med. Grp., Inc.*, 751 F. Supp. 2d 1214, 1217 (N.D. Okla. 2010) (finding that using Rule 21 to create diversity jurisdiction "would constitute an impermissible use of the federal rules to extend federal diversity jurisdiction under Rule 82"); *cf. Avenatti v. Fox News Network LLC*, 41 F.4th 125, 134 (3d Cir. 2022) (upholding decision of the district court to use "Rule 21 to protect vested jurisdiction, not to expand it").